**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| KAMEISHA EVEL BENSON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:26-cv-1031-CDL-AGH |
| FB&T/MERCURY CARD, | : | |
| Defendant. | : | |

**ORDER**

Before the Court are Plaintiff's complaint (ECF Nos. 1, 4) and motion to proceed *in forma pauperis* ("IFP") (ECF No. 5). As explained below, Plaintiff's motion to proceed IFP is granted. However, Plaintiff must recast her complaint.

## I. Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, a court may authorize a person who is unable to pay court fees to proceed in his or her action so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that 28 U.S.C § 1915(a)(1) "applies to all persons requesting leave to proceed IFP."). Plaintiff established that she is indigent for the purpose of 28 U.S.C § 1915. Therefore, her motion for leave to proceed IFP (ECF No. 5) is **GRANTED**.

## II. Preliminary Review Requirement

Once a court grants a plaintiff's motion for leave to proceed IFP, the Court must conduct a preliminary screening under 28 U.S.C. § 1915(e)(2). That statute

requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party"

by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## III. Plaintiff's Complaint

Plaintiff's claim stems from Defendant's alleged "trust security agreement violation[.]" Compl. 4, ECF No. 4. Plaintiff contends that she "sent the notice of [her] unpaid lien to the company[,]" which the Court assumes is Defendant FB&T/Mercury Card, and informed the company that payment of this lien was her "first obligation trust lien." *Id.* However, according to Plaintiff, Defendant "completely ignored the notice and continued to report [the] account on [her] credit[.]" *Id.* As a result of Defendant's alleged failure to pay the lien, Plaintiff argues that Defendant is liable "for the trust lien security agreement" payment. *Id.* Plaintiff requests $1,000,000.00 in relief, which she claims is the "amount owed for [the] trust security agreement violation[.]" *Id.*

## VI. Plaintiff Must Recast Her Complaint

Plaintiff's complaint in its current form fails to meet any of the pleading requirements set forth above. It does not include a "short and plain statement" of her claim or provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft*, 556 U.S. at 678. As best as the Court can tell, Plaintiff appears to be alleging that Defendant violated a contractual agreement to pay Plaintiff's lien. However, the Court cannot determine Plaintiff's cause of action based on these facts. Before the Court can provide any remedy, Plaintiff must state

at least one claim for relief that survives preliminary review, and should she have a viable claim, it must then survive the litigation process.

Moreover, the Court is skeptical as to whether it has subject matter jurisdiction over Plaintiff's claim. Federal question jurisdiction provides federal courts "jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded-complaint rule . . . provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks and citation omitted); *Gibson v. Firestone*, 741 F.2d 1268, 1270 (11th Cir. 1984) ("Federal subject matter jurisdiction is determined by the face of the well-pleaded complaint.").

"The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). Plaintiff alleges that the Court has federal question jurisdiction over her claim because it arises under "ARTICLE 1 SECTION 10: RIGHT TO CONTRACT[.]" Compl. 3. The Court assumes Plaintiff is referring to the Contract Clause of the U.S. Constitution. U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts."). The Contracts Clause prohibits states from passing laws that infringe upon contractual relationships. *See WBY, Inc. v. City of Chamblee, Georgia*, 155 F.4th 1242, 1263 (11th Cir. 2025) ("The first step [in stating a claim under the Contracts Clause] is [determining] whether the state law has operated as a substantial impairment of a

contractual relationship."). The contracts clause does *not* govern breach of contract claims. Therefore, because the contracts clause is unrelated to her claim, Plaintiff has failed to show that her claim "arises under" federal law, and she thus fails to meet her jurisdictional burden.[1]

In short, Plaintiff's complaint as drafted would be subject to dismissal for failure to state a claim and for lack of jurisdiction. Because Plaintiff is proceeding *pro se*, the Court will give her one opportunity to recast her pleading to address the deficiencies discussed herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file a recast complaint to address the noted shortcomings. Plaintiff's recast complaint shall take the place of all allegations made in the original complaint, and the Court will consider only the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint or other documents submitted to the

---

[1] Although not directly addressed in Plaintiff's complaint, the Court is skeptical as to whether it has personal jurisdiction over Defendant. According to the Georgia Secretary of State's office, Defendant does not appear to be registered to conduct business in Georgia. *See* Georgia Corporations Division Business Search, https://ecorp.sos.ga.gov/BusinessSearch (last accessed Nov. 3, 2026) (finding "no data" after searching for a business name containing "FB&T Mercury"). A Defendant not domiciled in Georgia is necessarily considered a nonresident defendant. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (internal citation omitted). "[T]he exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.* at 1257-1258. Plaintiff should consider addressing this issue in her recast complaint given that Defendant could move to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

Court. Accordingly, any fact Plaintiff deems necessary to prosecute his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

In recasting her complaint, Plaintiff is instructed to comply with Federal Rule of Civil Procedure Rule 8(a)(1), which limits Plaintiff's complaint to "a short and plain statement of the claim[.]" Failure to comply may result in forfeiture of these claims. Plaintiff should state her claims as simply as possible. She need not use legal terminology or cite any specific statute or case law to state a claim. It is recommended that Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do to violate your rights or protections? In other words: What was the extent of this defendant's authority or role in the alleged conduct? Did his actions otherwise cause the violative action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from these claims?

Plaintiff is advised that, if she fails to timely comply with this Order, the Court may dismiss her action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d

1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.").

In summary, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint. Plaintiff is also advised that she must immediately notify the clerk of court of any address change.

**SO ORDERED**, this 10th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE